UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SCOTT A. C.,[1]

                                  Plaintiff,                5:20-cv-1530 (BKS/DEP)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2]

                                  Defendant.

_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman, United States Attorney
Hugh Dun Rappaport, Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

      Plaintiff Scott A. C. filed this action under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking

review of a decision by the Commissioner of Social Security (the "Commissioner") finding that

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

Plaintiff was not disabled and ineligible for the disability insurance and supplemental security income benefits for which he applied. (Dkt. No. 1). This matter was referred to United States Magistrate Judge David E. Peebles for a Report and Recommendation. (Dkt. No. 25); N.D.N.Y. L.R. 72.3(d). On May 3, 2022, after reviewing the parties' briefs and Administrative Record,[3] (Dkt. Nos. 14, 19, 24), and holding oral argument, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Commissioner's decision be affirmed and Plaintiff's complaint be dismissed. (Dkt. No. 27). Plaintiff filed objections to the Report and Recommendation, and Defendant responded. (Dkt. Nos. 28, 29). For the following reasons, the Court adopts the Report and Recommendation, and for the additional reasons stated herein, affirms the Commissioner's decision.

## II.   STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 14), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III.  ANALYSIS

The parties have not raised any objections to the facts or the legal framework set forth in the Report and Recommendation. (*See* Dkt. No. 27, at 2–10). The Court therefore adopts Magistrate Judge Peebles's summary of the factual and procedural background and applicable law, and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report and Recommendation, Magistrate Judge Peebles found that the ALJ's failure to mention examining Neuropsychologist Victoria Londin, Ph.D., by name and failure to articulate any findings related to the supportability factor was harmless error. (Dkt. No. 27, at 10–24). Plaintiff objects to this finding, arguing that (1) Magistrate Judge Peebles gave the ALJ's decision "an incorrect, generous reading" because the ALJ never "mention[s] the opinion, and therefore, . . . did not in actuality reject this opinion for the reasons the Magistrate Judge states"; and (2) Magistrate Judge Peebles's conclusion that the ALJ's failure to articulate findings as to the supportability of Dr. Londin's opinion was harmless error is not only "an impermissible post hoc rationalization," but erroneous because Dr. Londin's evaluation contains test findings that support her opinion. (Dkt. No. 28, at 2–3).

Plaintiff's first objection is without merit. The ALJ in fact referred to Dr. Londin's opinion four times in the decision. (R. 17–18, 20–21). The Court therefore considers this argument no further and adopts Magistrate Judge Peebles's recommendation on this issue in its entirety. (Dkt. No. 27, at 13–14).

3

In his second objection, Plaintiff argues that in concluding that the ALJ's failure to expressly consider the supportability factor was harmless error, Magistrate Judge Peebles engaged in an impermissible post hoc rationalization. *See Bartrum v. Astrue*, 32 F. Supp. 3d 320, 331 (N.D.N.Y. 2012) ("This Court simply cannot, and will not, re-weigh the medical evidence and/or 'create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.'" (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005))). Magistrate Judge Peebles extensively discussed the psychological evaluations in the record, including Dr. Londin's, and concluded that "although there are neuropsychological testing results that show that plaintiff has some deficits related to memory in particular, the evidence overwhelmingly does not support Dr. Londin's opinion that plaintiff is completely unable to retain information." (Dkt. No. 27, at 21). The Court need not determine whether, as Plaintiff contends, this is a post-hoc rationalization, because it finds, on de novo review, that the ALJ's analysis of the opinion evidence, including Dr. Londin's opinion, shows that the substance of the regulations requiring consideration of the supportability of opinion evidence was not traversed.

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate their persuasiveness" based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c). The ALJ is required to "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an

4

ALJ is required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

With respect to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The regulations provide that with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

An ALJ's failure to explain the supportability and consistency of the medical opinions in the record is procedural error. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *see also Loucks v. Kijakazi*, No. 21-cv-1749, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *3 (2d. Cir. June 17, 2022) (finding that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"). However, "if 'a searching review of the record assures [the court] that the substance of the [regulation] was not traversed,'" the court may affirm the Commissioner's decision. *Loucks*, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4 (quoting *Estrella*, 925 F.3d at 96).

Here, the Commissioner concedes that "the ALJ did not explicitly articulate his consideration of how well Dr. Londin supported her opinion."[4] (Dkt. No. 29, at 3; Dkt. No. 24, at 7). The Commissioner argues that remand is not required, however, because a review of the ALJ's decision shows the substance of the regulations requiring consideration of supportability and consistency was not traversed. (Dkt. No. 29, at 3 (citing *Estrella*, 925 F.3d at 96)). The Court agrees.

A searching review of the record shows that in discussing the persuasiveness of the psychological opinions, the ALJ considered the supportability of Dr. Londin's opinion. Indeed, the ALJ expressly noted the "difficulties" and "symptoms" Plaintiff displayed during Dr. Londin's examination, as recorded in Dr. Londin's evaluation. (R. 21–22); *see* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (regulations explaining that "supportability" requires an inquiry into the "objective medical evidence and supporting explanations presented by a medical source [to] support his or her medical opinion"). The ALJ nonetheless found that the severity of these "difficulties" and "symptoms," and, by extension Dr. Londin's opinion of "significant" memory "deficits," to be inconsistent with the three other evaluations and opinions in the record, and

---

[4] Further, the ALJ did not specify the degree to which he found Dr. Londin's opinion persuasive. Any error in this regard is, however, harmless. The ALJ's consideration of Dr. Londin's opinion, finding that the opinions of Drs. Dante Alexander and Rebecca Gavett were "most persuasive," and conclusion that Plaintiff could engage in unskilled work, (R. 27 (explaining that the jobs identified by the vocational expert were "medium unskilled occupations"), which requires only the ability to understand, remember, and carryout simple instructions, SSR 96-9p, shows that the ALJ rejected Dr. Londin's opinion of "significant deficits" in memory. *See Nunez v. Colvin*, No. 15-cv-4957, 2017 WL 684228, at *14 n.20, 2017 U.S. Dist. LEXIS 13352, at *43 n.20 (S.D.N.Y. Feb. 21, 2017) ("Because the ALJ properly analyzed Dr. Urban's opinion and explained his reasons for discrediting her opinion, the ALJ's failure to specify the weight he gave to the opinions is, at most, harmless error." (citing *Williams v. Comm'r of Soc. Sec.*, No. 14 Civ. 0129, 2015 U.S. Dist. LEXIS 38094, at *18 (N.D.N.Y. Mar. 26, 2015) (concluding that the ALJ's failure to assign any weight to the treating physician's opinion was "harmless error" "because [the treating physician's] opined limitations are not supported by his own treatment notes or other substantial evidence in the record."))), *report and recommendation adopted by* 2017 WL 684228, 2017 U.S. Dist. LEXIS 27206 (S.D.N.Y. Feb. 21, 2017); *see also Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 179 (W.D.N.Y. 2018) (noting that "unskilled positions . . . can be performed by individuals with moderate mental deficiencies").

rejected it on that ground. (*See* R. 21–22 ("The claimant had some difficulties in his neuropsychiatric evaluation in August 2017. However, these symptoms are inconsistent with the above noted records and the findings from the psychological consultative examination.")). Therefore, as the Court can glean the ALJ's consideration of the supportability of Dr. Londin's opinion from his analysis of the persuasiveness of the psychological evaluations, the Court concludes that the substance of the regulation was not traversed and the ALJ's procedural error in omitting an express reference to supportability is harmless. *See Ricky L. v. Comm'r Soc. Sec.*, No. 20-cv-7102, 2022 WL 2306965, at *4, 2022 U.S. Dist. LEXIS 113151, at *11–12 (W.D.N.Y. June 27, 2022) ("[I]insofar as the Court can adequately 'glean' how the ALJ weighed the consistency and supportability factors for Dr. Sandler's opinion, the Court finds the ALJ's procedural error harmless as 'the substance of the [regulation] was not traversed.'" (first quoting *Brenda W. v. Comm'r of Soc. Sec.*, No. 20-CV-1056, 2022 WL 446462, at *5 n.5, 2022 U.S. Dist. LEXIS 26451, at *14 n.5 (W.D.N.Y. Feb. 14, 2022); and then quoting *Loucks*, 2022 WL 218293, at *2, 2022 U.S. App. LEXIS 16829, at *4)); *see also Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When . . . the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.") (citation omitted). Accordingly, for these reasons, the Court finds the ALJ's failure to expressly articulate the supportability factor does not require remand.

    The Court has reviewed the remainder of the Report and Recommendation for clear error and found none.

### IV.   CONCLUSION

    For these reasons, it is hereby

**ORDERED** that Report and Recommendation (Dkt. No. 27) is **ADOPTED**; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, and for the additional reasons stated above, the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: July 27, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge